UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUSAN GILBERT,

    Plaintiff,                                   Civil Action No. 09-13529

v.                                            HON. VICTORIA A. ROBERTS
                                             U.S. District Judge
                                             HON. R. STEVEN WHALEN
COMMISSIONER OF SOCIAL         U.S. Magistrate Judge
SECURITY,

    Defendant.
_____/

**REPORT AND RECOMMENDATION RE: ATTORNEY FEES**

This is a Social Security Disability case brought under 42 U.S.C. § 405(g). On October 18, 2010, I filed a Report and Recommendation ("R&R"), recommending that the decision of the Administrative Law Judge ("ALJ") denying benefits be affirmed, and that summary judgment be granted to the Commissioner. The Plaintiff filed objections, and on March 21, 2011, the District Judge rejected the R&R, entering judgment in favor of the Plaintiff and remanding the case for further administrative proceedings pursuant to Sentence Four of § 405(g). Before the Court at this time is the Plaintiff's motion for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A) [Doc. #23]. For the reasons discussed below, I recommend that the Plaintiff's motion be DENIED.

                                       **I.    STANDARD OF REVIEW**

The Equal Access to Justice Act ("EAJA") is one of some 131 fee shifting statutes enacted by Congress. *See Coulter v. State of Tennessee*, 805 F.2d 146, 148 (6th Cir. 1986). Specifically, 28 U.S.C. § 2412(d)(1)(A) provides, in pertinent part:

> "Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses...incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States...unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust."

In the context of a Social Security case brought under 42 U.S.C. § 405(g), a plaintiff such as Ms. Gilbert who wins a Sentence Four remand directing further administrative proceedings is a "prevailing party" within the meaning of the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 301-302, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993). Thus, the salient question in the present case is whether the position of the United States was "substantially justified." Under the EAJA, the government has the ultimate burden of showing that its position was substantially justified such as to support a denial of attorney fees. *United States v. 0.376 Acres of Land*, 838 F.2d 819, 829 (6th Cir. 1988); *United States v. True*, 250 F.3d 410, 419, fn. 7 (6th Cir. 2001). The resolution of that question is addressed to the district court's discretion. *Pierce v. Underwood*, 487 U.S. 552, 563, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988).

In *Pierce v. Underwood*, 487 U.S. at 565, the Supreme Court defined the term "substantially justified" as "justified to a degree that could satisfy a reasonable person." In linking the term to a standard of reasonableness, the Court cautioned that "[t]o be 'substantially justified' means, of course, more than merely undeserving of sanctions for frivolousness; that is assuredly not the standard for Government litigation of which a reasonable person would approve." *Id.*, at 566. On the other hand, a successful plaintiff is not entitled to attorney fees simply because he or she won. The "substantially justified" standard does not "raise a presumption that the Government position was not substantially justified simply because it lost the case." *Howard v. Barnhart,* 376 F.3d 551, 554 (6th

Cir.2004) (quoting *Scarborough v. Principi,* 541 U.S. 401, 415, 124 S.Ct. 1856, 158 L.Ed.2d 674(2004)). Rather, the test is whether the Commissioner's position was grounded in a reasonable belief in fact and law, notwithstanding that the denial of benefits was not supported by substantial evidence. *Jankovich v. Bowen*, 868 F.2d 867, 870 (6th Cir. 1989). *See also Noble v. Barnhart,* 230 Fed.Appx. 517, 519 (6th Cir.2007) ("[T]he position of the government will be deemed to be substantially justified if there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action"); *Comm'r, INS v. Jean,* 496 U.S. 154, 161–162, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990) ( "While the parties' postures on individual matters may be more or less justified, the EAJA-like other fee-shifting statutes-favors treating a case as an inclusive whole, rather than as atomized line-items.").

## II. DISCUSSION

Having won a Sentence Four remand, Ms. Gilbert is a "prevailing party" within the meaning of the EAJA. The question is whether the government's position in this appeal was substantially justified.[1]

First, the Commissioner was reversed because of a conclusory step three analysis. The Court noted that the ALJ's "entire step three analysis states only that '[t]he claimand does not have an impairment or combination of impairments that meets or medically

---

[1] It would be logical to assume that to find that the Commissioner's position was not substantially justified, I would also have to find that my own position as expressed in my R&R was not substantially justified. Therefore, one might be tempted to conclude that I have an inherent conflict because I am, in effect, reviewing my own decision. That conclusion would be wrong. First, I do not claim infallibility, and I am quite capable of giving the ALJ's decision a second look in view of the district judge's cogent opinion. This is not unlike the situation where a district judge is ordered to take further action in a case where the Court of Appeals has determined that he or she erred. Even more analogous is the situation where the judge in a criminal case is required to review the legal integrity of his or her own sentence in ruling on a motion to vacate sentence brought under 28 U.S.C. § 2255.

-3-

equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1(20 CFR 404.1525, 404.1526, 416.925 and 416.926).'" The Court's decision was supported by case law from the Seventh Circuit (*Barnett v. Barnhart*, 381 F.3d 664 (7th Cir. 2004)), the Third Circuit (*Burnett v. Comm'r Soc. Sec.*, 220 F.3d 112 (3d Cir. 2000)), and the Tenth Circuit (*Clifton v. Chater*, 79 F.3d 1007 (10th Cir. 1996), all requiring a more detailed analysis at step three of the decisional process. However, standing in contrast to this heightened articulation standard is *Gonzalez v. Sullivan*, 914 F.2d 1197, 1201 (9th Cir. 1990), where the Ninth Circuit held:

> "It is unnecessary to require the Secretary, as a matter of law, to state why a claimant failed to satisfy every different section of the listing of impairments. The Secretary's four page 'evaluation of the evidence' is an adequate statement of the 'foundations on which the ultimate factual conclusions are based.' To require the ALJ's to improve their literary skills in this instance would unduly burden the social security disability process."

There is also a split of authority within the Sixth Circuit as to the level of analysis required at step three. In *Bledsoe v. Barnhart*, 165 Fed.Appx. 408, 2006 WL 229795 (6th Cir. 2006), as in the present case, the ALJ made an unadorned step three finding that "the medical evidence establishes that the claimant has 'severe' impairments...but that she does not have an impairment or combination of impairments listed in, or medically equal to [the listed impairments]." *Id.* at 410-411. Also like the present case, the ALJ made specific factual findings regarding the medical evidence and the credibility of witnesses. Rejecting a "heightened articulation standard" at step three, the Court stated:

> "The ALJ did not err by not spelling out every consideration that went into the step three determination. The language of 20 C.F.R. § 404.1526 does not state that the ALJ must articulate, at length, the analysis of the medical equivalency issue. It states that the ALJ should review all evidence of impairments to see if the sum of impairments is medically equivalent to a 'listed impairment.' This is exactly what the ALJ did. *The ALJ described evidence pertaining to all impairments, both severe and non-severe, for five pages earlier in his opinion and made factual findings.* The ALJ explicitly stated that he considered the combination of all impairments even though he

-4-

did not spell out every fact a second time under the step three analysis." *Id*. at 411. (Emphasis added).

Citing *Dorton v. Heckler*, 789 F.2d 363 (6th Cir. 1986), the *Bledsoe* panel found that as long as the ALJ's findings at step three are supported by substantial evidence, there is no heightened articulation standard:

> "Bledsoe's argument that the ALJ should spell out the weight he gave to each factor in his step three analysis is not supported by case law. Requiring a heightened articulation standard would be inconsistent with this court's rulings. In a case that turned on step three analysis, where the disability claimant had multiple medical problems, this court noted, 'the ALJ's findings of fact should not be disturbed unless we are persuaded that his findings are legally insufficient.' *Dorton v. Heckler,* 789 F.2d 363, 367 (6th Cir.1986). *Dorton* supports the proposition that there is no heightened articulation standard where the ALJ's findings are supported by substantial evidence. *Id.* In the instant case the ALJ's factual findings are supported by substantial evidence. The plain language of the ALJ's opinion states that he considered all impairments. The ALJ thus considered all evidence as required by the regulation." *Bledsoe* at 411.

In *Price v. Heckler*, 767 F.2d 281 (6th Cir. 1985), the Court also addressed the minimum articulation standard at step three. In that case, similarly to the present case, the ALJ stated that the plaintiff's several impairments "individually, or in combination, do not meet or equal in severity the Secretary's list of impairments." *Id*. at 282. The Sixth Circuit (over the dissent of Judge Peck) found that the ALJ's findings were legally sufficient even though they "could have been stated with more particularity." *Id*.

However, in another unpublished decision, *Reynolds v. Comm'r of Soc. Sec.*, 424 Fed.Appx. 411, 416, 2011 WL 1228165 (6th Cir. 2011), the Sixth Circuit took the opposite approach, holding that at step three, the ALJ is required "to actually evaluate the evidence, compare it to [the relevant section of the Listings], and give an explained conclusion, in order to facilitate meaningful judicial review." The *Reynolds* panel cited the Tenth Circuit decision in *Clifton v. Chater, supra*, and the Third Circuit decision in *Burnett v. Comm'r of Soc. Sec., supra*, the same cases relied on to support a remand in the

-5-

present case.

*Reynolds* was decided on April 1, 2011, one month after judgment was entered in this case. Nevertheless, in finding that the ALJ erred, the district judge in this case correctly applied the same precedent from other Circuits that undergirded the *Reynolds* decision. But the issue under the EAJA is not whether the Commissioner's position was *correct*, but whether it was *reasonable*, or more particularly, "if reasonable people could differ as to the appropriateness of the contested action."[2] *Noble v. Barnhart, supra*, 230 Fed.Appx. at 519 . Similarly to *Gonzales* and *Bledsoe*, the ALJ's brief statement at step three was preceded by over four pages of detailed discussion of the medical evidence. Moreover, his conclusions regarding the medical evidence, found throughout the administrative opinion, tend to show that like the ALJ in *Bledsoe*, he fully considered this evidence in rejecting disability at step three. This is shown by a comparison of the Listings specific to step two impairments with the ALJ's factual findings:

| **Impairment/Listing** | **Factual Findings** |
|---|---|
| Degenerative Changes of Lumbar Spine<br>Listing 1.04 (disorders of the spine) | Medical records show high level of functioning, no imaging study to support disabling spine condition, noncompliance with therapy (Tr. 18-20). |
| CTS, Ulnar Nerve Transposition<br>Listing 1.02(B) (involvement of<br>a major peripheral joint) | Good results from surgery, other references to upper extremity strength (Tr. 18-19); *see also* credibility determination (Tr. 24). |
| Diabetes (not a separate Listing)<br>Listing 2.00 (diabetic retinopathy) | No retinopathy (Tr. 21) |

---

[2] This is similar to the standard of review in a habeas corpus petition brought under 28 U.S.C. § 2254, which tests whether the state court's application of federal law was reasonable, not whether it was correct. As the Supreme Court observed in *Williams v. Taylor*, 529 U.S. 362, 422, 120 S.Ct. 1495, 146 L.Ed.2d 389, under § 2254(d)1), "[a]n unreasonable application of federal law is different from an incorrect application of federal law."

| | |
|---|---|
| Listing 6.06 (diabetic nephropathy) | Diabetes stable (Tr. 22) |
| Vertigo<br>Listing 2.07 (disturbances of Labyrinthine-Vestibular Function) | Examination notes contradict claims of disabling vertigo (Tr. 20); reported vertigo, but exam showed no discoordination or other signs of vertigo (Tr. 21); credibility determination notes absence of medical support (Tr. 24-25) |
| Fibromyalgia<br>(No listing) | Acknowledges diagnosis (Tr. 22), but see credibility determination (Tr. 24-25). |

Under *Bledsoe*, "there is no heightened articulation standard where the ALJ's findings are supported by substantial evidence," and as in *Bledsoe*, this ALJ's factual findings are at least arguably supported by substantial evidence. Given the split in Circuit authority and the conflicting unpublished decisions from the Sixth Circuit, I cannot say that the Commissioner's position on the step three issue was unreasonable or not substantially justified.

Summary judgment was also granted on the ground that the ALJ failed to consider and weigh all of the factors provided in 20 C.F.R. §§ 404.1527 and 416.927 in assigning diminished weight to the opinions of Dr. Shah and Dr. Visser.[3] The consideration of the § 1527(d)(2) factors is, as the Court noted, a mandatory procedural protection. *See Wilson v. Comm'r Soc. Sec.*, 378 F.3d 541, 546 (6th Cir. 2004). While the Court found error in the ALJ's failure to adequately articulate his analysis of these factors, the Commissioner's decision to defend the ALJ's opinion was reasonable, and thus

---

[3] The factors include; (1) length of treatment relationship and frequency of examination; (2) nature and extent of the treatment relationship; (3) supportability of the opinion; (4) consistency of the opinion with the record as a whole; and (5) specialization of the treating source. 20 C.F.R. § 404.1527(d)(2)-(6).

substantially justified.

The ALJ is not necessarily required to specifically recite each § 1527(d)(2) factor, as long as the record establishes that he considered them. *See Paseka v. Commissioner of Social Sec.*, 2011 WL 883701, *2 (W.D.Mich. 2011), and cases cited therein. It is true that in this case, the ALJ's expressed reason for giving little weight to the opinions of Dr. Shah and Dr. Visser was based on the supportability and consistency factors, i.e., lack of objective clinical support for the Plaintiff's claimed disability, and inconsistency with medical findings. As to Dr. Shah, although the ALJ did not enumerate the other factors, it is at least arguable that he *considered* them in his earlier discussion of the medical evidence. The ALJ's discussion of Dr. Shah's findings is found at pp. 20-22 of the transcript. It shows that Dr. Shah treated the Plaintiff from at least July of 2006 to August of 2008. The opinion specifies the dates of treatment and the type of treatment Dr. Shah rendered.[4] Thus, this discussion at least to some extent covers the length and frequency, as well as the nature and extent of treatment. The only factor that appears to not be covered is Dr. Shah's specialization.

The ALJ's discussion of Dr. Visser focuses solely on supportability and consistency, with no discussion of the length or frequency of the examining relationship. However, examining this record "as an inclusive whole, rather than as atomized line-items," *Comm'r, INS v. Jean, supra*, 496 U.S. at 161–162, and the plausibility of the position that the ALJ's errors were harmless in light of the poor clinical support for the claimed disabilities, *see Heston v. Comm'r of Soc. Sec*, 245 F.3d 528, 535 (6th Cir. 2001) ("Although the Commissioner must provide a statement discussing the evidence and

---

[4] I recognize that medical records show an even longer treating relationship, dating to 2002.

reasons on which the decision is based, 42 U.S.C. § 405(b)(1), we find that the ALJ's omission of any discussion of Dr. Haun's report was harmless error"); *Catana v. Comm'r of Soc. Sec.*, 2011 WL 5039793, *6 (E.D.Mich. 2011)("[W]hile the ALJ may not have fully satisfied all of the procedural requirements of the treating source rule, the Court finds his error was harmless), I find that based on this record in its totality, the Commissioner's position in this case was substantially justified. I also note that while it was appropriate for the Court to rule on the issue of Dr. Visser, the Plaintiff herself never raised this issue or even mentioned Dr. Visser in her brief. *See Plaintiff's Motion for Summary Judgment*, Doc. #11.[5]

As the Court found, the ALJ also neglected to discuss all of the relevant factors with regard to Dr. Yousuf, the physician who diagnosed fibromyalgia. The Plaintiff saw Dr. Yousuf twice, on referral by Dr. Shah for an evaluation (Tr. 503). However, neither Dr. Yousuf nor any other medical source ascribed significant work-related impairments to Plaintiff's fibromyalgia.[6] The ALJ cited numerous imaging studies and examination notes in support of his conclusion that the condition was not disabling. Again, looking at the record as a whole, the Commissioner's defense of the ALJ's decision in this Court was not unreasonable.

---

[5] Following the Sixth Circuit's remand in *Reynolds, supra*, the district court denied a petition for EAJA fees, finding the Commissioner's position substantially justified, in part because the case was remanded "for a reason that Plaintiff never advanced on appeal." *Reynolds v. Comm'r Soc. Sec.*, E.D. Mich. No. 08-13055, Dkt. #34, p. 4.

[6] As I pointed out in my R&R, at p. 14, fn.2, Plaintiff raised the issue of Dr. Yousef for the first time in his reply brief, which is generally not permissible. *See Lexicon, Inc. v. Safeco Ins. Co. of America, Inc.,* 436 F.3d 662, 676 (6th Cir.2006). In addition, Plaintiff's counsel erroneously argued that Dr. Yousuf found that Plaintiff would be off-task 50 percent of the workday because of pain, citing Tr. 489-502. I reviewed these pages and found no such finding by Dr. Yousuf. In fact, he declined to perform a formal work evaluation on Plaintiff's behalf (Tr. 504).

Likewise, a fair reading of the ALJ's opinion could lead to the *reasonable*, albeit incorrect conclusion that there was an adequate discussion of both fibromyalgia and obesity. In fact, as I noted in my R&R, the ALJ thoroughly discussed his reasons for deciding that obesity did not create workplace limitations:

> "The undersigned considered any added or accumulative effects the claimant's obesity played on her ability to function. In spite of her weight clinicians observed the claimant ambulate well without an assistive device, and to retain functional range of motion. The claimant's neurological functions in terms of motor power, reflex activity and sensation were intact, and her musculoskeletal and extremity reviews were commonly free of deformity, clubbing, cyanosis, edima, heat, discoloration, ulceration, diminished pulsation or atrophic changes. The evidence does not fully support the claimant's contentions as to the magnitude of her symptomatology and dysfunction including her expressed level of pain and fatigue . . ." (Tr. 24).

Clearly, and as I acknowledged in my R&R, the Plaintiff suffers from a number of medical conditions that no doubt impact the quality of her life. Moreover, there was a fair basis for the Court to find reversible error, and to remand this case for further administrative proceedings. However, after a careful reexamination of the entire record and the pleadings, I conclude that reasonable minds could differ, and that the position taken by the Commissioner in this case was substantially justified. While Plaintiff's counsel is to be commended for his advocacy, he is not, under prevailing standards, entitled to EAJA fees.

### III.   CONCLUSION

I recommend that Plaintiff's Motion for Attorney Fees under the EAJA [Doc. #23] be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further

right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                            s/ R. Steven Whalen
                                            R. STEVEN WHALEN
                                            UNITED STATES MAGISTRATE JUDGE

Date: January 24, 2012

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on January 24, 2012.

                                            s/Johnetta M. Curry-Williams
                                            Case Manager