UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUSAN GILBERT,

    Plaintiff,

vs                                        Case No:  09-13529

                                              Honorable Victoria A. Roberts

COMMISSION OF SOCIAL SECURITY,

    Defendant.

_____/

## ORDER REJECTING REPORT AND RECOMMENDATION
## AND GRANTING ATTORNEY FEES

**BACKGROUND AND PROCEDURAL HISTORY**

Susan Gilbert ("Plaintiff") appealed a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Social Security Benefits. (Doc. # 1). The Court rejected Magistrate Judge Steven R. Whalen's Report and Recommendation and remanded the case to an Administrative Law Judge ("ALJ") for further proceedings. (Doc. # 21). The Court concluded that "the ALJ failed to explain how he considered and weighed the evidence in the record" to conclude that Plaintiff's "impairment was not medically equivalent to the 1.04A listing." (*Id.* at 10). The Court further found that the ALJ did not include relevant limitations, which the Vocational Expert (VE) described as "work preclusive," in his Residual Functional Capacity finding. (*Id.* at 13). The Court concluded that "the ALJ's opinion on the supportability and consistency of [Drs. Shah, Visser, and Gilbert's] medical opinions is not supported by

1

substantial evidence, and [the ALJ's] decision does not provide 'good reasons' for rejecting them in light of [Plaintiff's] fibromyalgia diagnosis." (*Id.* at 16, 18). Lastly, the Court found that the ALJ failed to assess the impact of Plaintiff's "obesity, when combined with the debilitating symptoms of her fibromyalgia, [on her] ability to engage in substantial gainful activity." (*Id.* at 22).

On June 15, 2011, Plaintiff filed her motion for attorney fees and other expenses under the Equal Access to Justice Act ("EAJA"). (Doc. # 23). Defendant responded that Plaintiff was not entitled to fees because the Government's position was substantially justified. (Doc. # 24). On January 24, 2011, the Magistrate Judge issued a Report and Recommendation in which he concluded that Defendant's position was substantially justified and as a result, Plaintiff is not entitled to attorney fees. (Doc. # 27). Plaintiff filed timely objections. Defendant responded to the objections. (Doc. #29)

For reasons stated below, the Court rejects the Report and Recommendation and **GRANTS** Plaintiff's motion for attorney fees in the amount of $4,281.

I.   **STANDARD OF REVIEW**

Under Fed. R. Civ. P. 54(d)(2)(D), a court may refer motions for attorney fees to a magistrate judge as a dispositive pretrial matter. See *Callier v. Gray*, 167 F.3d 977, 982 (6th Cir. 1999). Review of a magistrate judge's recommendation on a dispositive motion is de novo. 28. U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(B)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(B)(3).

II.  **ANALYSIS**

EAJA covers a Social Security case brought under 42 U.S.C. § 405(g):

2

> **(d)(1)(A)** Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C.A. § 2412.

To award EAJA fees, the "court must find that (1) the party seeking fees was a prevailing party in a civil action; (2) the party timely filed an application for fees; (3) the position of the Agency was not substantially justified; and (4) the fees requested are reasonable."
*Ralston v. Astrue*, 09-CV-14790, 2011 WL 7299836, *2 (E.D. Mich. 2011) (citations omitted).

The only disputed issue is whether the Government's position was substantially justified. (Doc. # 29, p. 2).

   1. *Substantial Justification*

The standard for "substantial justification" is that of reasonableness, and the Government's position must be "justified to a degree that could satisfy a reasonable person." *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989) (citing *Pierce v. Underwood,* 487 U.S. 552 (1988)). In *Pierce*, the court further explained that "substantially justified" does not mean "reasonably justified." *Pierce* at 566, n. 2 (1988). The court added that "a position can be justified even though it is not correct, and . . . it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Id.* The *Pierce* court

3

rejected the House Report Committee statement that "'substantial justification' means more than merely reasonable." *Id.* at 566.

The Government has the "burden of showing that its position in the proceedings was 'substantially justified.'" *U.S. v. 0.376 Acres of Land*, 838 F.2d 819, 820 (6th Cir. 1988). Losing the case does not raise a presumption that the Commissioner's position was not substantially justified. *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004) (citing *Scarborough v. Principi,* 541 U.S. 401, 415 (2004)). Indeed, in reviewing a record, a court can find that the government's position was substantially justified despite the fact that "the Secretary's position was not supported by substantial evidence." *Jankovich* at 870. "When evaluating the Commissioner's position, [the court] considers the ALJ's decision as part of the Commissioner's pre-litigation conduct." *Noble v. Barnhart*, 230 F.App'x 517, 519 (6th Cir. 2007). But "[w]hether or not the Commissioner was substantially justified is a separate question from whether the decision of the ALJ was supported by substantial evidence." *Ralston*, at *2 (citing *Cummings v. Sullivan*, 950 F.2d 492, 298 (7th Cir. 1991)).

Plaintiff alleges that the Government's position was not substantially justified because the ALJ failed to do a mandatory evaluation of the treating physicians' opinions, made an incorrect assessment, and rendered an opinion unsupported by substantial evidence. Plaintiff also says the ALJ's analysis of the fibromyalgia's effects on Plaintiff's work capacity was based partially on old Sixth Circuit law. (Doc. # 28, p. 2-3).

The Government contends that the "errors cited by this Court in the merits decision were articulation deficiencies, [a]s such the Commissioner's position in reliance

4

on the ALJ's findings was reasonably based in law and fact, and an award of fees would not be appropriate." (Doc. # 29, p. 2). Defendant is correct that "[t]he ALJ's failure to articulate his reasoning . . . does not, in and of itself, establish that there was not reasonable basis for the ALJ's decision to deny benefits." *Saal v. Comm'r of Soc. Sec. Admin.,* No. 1:08–cv–347, 2010 WL 2757554, *3 (W.D.Mich. June 24, 2010) (citing *Anderson v. Commr. of Soc. Sec.*, 198 F.3d 244 (6th Cir. 1999)). Generally,

> [i]n considering whether the ALJ's decision was "substantially justified" for EAJA purposes, courts distinguish between remands involving "mere articulation errors" – cases in which there is record evidence to support the ALJ's decision, but the ALJ fails to adequately articulate his or her reasoning--and remands where the district court determines that the evidence does not support the ALJ's decision, even when properly considered. . . . Generally, remands stemming from articulation errors do not result in a[n] EAJA fee award, while remands following a finding that the record evidence does not support the ALJ's disability determination will lead to the payment of attorneys fees.

*Carter v. Astrue*, 1:09-CV-0667, 2011 WL 722774, at *2 (N.D. Ohio 2011) (citations omitted).

The ALJ listed evidence pertaining to Plaintiff's impairments on four pages under the step two analysis, but nothing suggests that the ALJ actually considered and weighed the evidence or that he considered the combination of all impairments. Neither did the ALJ explicitly state that he considered the combination of all impairments. And, he did not set forth the medical evidence on which he based his finding under the step three analysis. (Tr. 23).

> In *Carter*, *supra*, the court granted the motion for attorney fees because
>
> "a 'mere articulation error' was not the reason for the Court's decision to reverse and remand this case. Instead, the Court did so because it was 'unable to determine whether substantial evidence supports the ALJ's decision' . . . because (1) **the ALJ's decision does not indicate whether**

5

> **the ALJ considered specifically enumerated categories of evidence**, in addition to objective medical evidence, that the ALJ must consider in making a credibility finding; and (2) the ALJ did not provide specific reasons for discounting Carter's additional evidence in making the credibility finding.

*Carter*, at *3 (emphasis added).

As in *Carter*, this Court's decision to remand the case was based on the fact that "[t]he ALJ's conclusory rejection of equivalence at step three makes it impossible for this Court to review the adequacy of his determination." (Doc. # 21, p. 11)  This is more than an articulation error.

Furthermore, the ALJ only briefly referenced selective findings from Dr. Yousuf's opinion and did not state the weight he gave to Dr. Yousuf's opinion.  Dr. Yousuf diagnosed Plaintiff with fibromyalgia (Tr. 489-504).  When "an ALJ chooses not to give a treating source medical opinion controlling weight, and then *completely fails* to provide any explanation for this choice in his narrative decision, it is clear that he has committed a procedural error that typically warrants remand of the case.  In such a case, the Commissioner lacks substantial justification to defend the ALJ's decision unless he can reasonably argue under the applicable case law that the procedural error was harmless."  *Walker v. Astrue*, 3:08-CV-151, 2010 WL 925787 (E.D. Tenn. 2010).

Plaintiff points to other errors. The ALJ did not state specific reasons for not giving significant weight to the treating source medical opinions of Dr. Shah and Dr. Visser.  "It is well-established that an ALJ must either accord controlling weight to a medical opinion from a treating source or 'set forth some basis for rejecting [the opinion].'"  *Walker*, at *3 (citing *Shelman v. Heckler,* 821 F.2d 316, 321 (6th Cir.1987).  A decision denying benefits "must contain specific reasons for the weight given to the

treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Wilson v. Commr. of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) citing Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *5 (1996).

The ALJ also did not discuss certain work-preclusive limitations identified by Dr. Shah. The limitations include taking unscheduled breaks every three to four hours for eight to ten minutes at a time. The Vocational Expert ("VE") testified this would be work preclusive. Limitations also include Plaintiff's need to walk for five minutes at least once during a work day, and her inability to stand for 20 minutes continuously, which the VE testified would limit the number of jobs Plaintiff could perform. (Tr. 62-63).

The Sixth Circuit has held on numerous occasions that the Commissioner's position was not substantially justified when the ALJ failed to follow the government's own procedural guidelines in the "good-reason rule" context. *See, e.g.*, *Hawke v. Astrue,* No. 3:07–cv–108, 2009 WL 961783, at *3 (S.D.Ohio Apr. 8, 2009) (holding that the Commissioner was not substantially justified when the ALJ failed to provide good reasons even though other evidence potentially supported the ALJ); *Fisk v. Astrue,* No. 3:05–cv–145, 2009 WL 161335, at *3 (S.D.Ohio Jan. 22, 2009) (finding that the Commissioner's position lacked a reasonable basis when "it overlooked the significance of [the] mandatory procedural requirement" of the good reason rule); *Walker*, at *3 (finding that, when an ALJ fails to provide good reasons, "the Commissioner lacks substantial justification to defend the ALJ's decision unless he can reasonably argue under the applicable case law that the procedural error was harmless").

The ALJ -- only briefly and selectively -- mentioned the medical reports of Dr. Shah and Dr. Visser, and the ALJ did not discuss the reports' findings that were inconsistent with the ALJ's conclusion. The Court finds that the Commissioner could not have reasonably believed that the ALJ satisfied the procedural requirements of the good reason rule.

Additionally, the ALJ relied on objective tests which are insufficient in fibromyalgia cases. (Doc. # 21, p. 19). The ALJ rejected all of Plaintiff's subjective complaints of pain because they were inconsistent with the residual functioning capacity assessment. Concerning the ALJ's credibility findings, the court in *Carter* noted,

> Judge O'Malley was particularly troubled that the ALJ "discounted all of Carter's subjective complaints of pain and its effects *solely* because she found that there was no objective medical evidence to support Carter's claims." . . . this type of analysis-based on an implicit finding that the claimant is not believable-is *exactly* that which Social Security Ruling 96-7p is designed to prevent. *See* Soc. Sec. Rul. 96-7p, 1996 WL 374186, at * 3 (ALJ not free to make credibility determinations based solely upon 'intangible or intuitive notion about an individual's credibility.").

*Carter*, at *3 (N.D. Ohio 2011).

The ALJ based credibility findings on Plaintiff's ability to conduct daily activities when the Commissioner's own procedural guidelines state that the Government does "not consider activities like taking care of yourself, household tasks, hobbies, therapy, school attendance, club activities, or social programs to be substantially gainful activity." *See* 20 C.F.R. § 404.1527(c). Nevertheless, the ALJ did not consider Plaintiff's testimony in which she denied the ability to cook, shop or do laundry because of her medical condition. (Tr. 49-50). Additionally, the ALJ stated in his report that he "must make a finding on the credibility of the statements based on a consideration of the entire

case record." (Tr. 23). Yet, he failed to assess the findings of Dr. Yousuf and Plaintiff's testimony.

In sum, when the "ALJ fails to follow established law and 'clear congressional guidance,' the defendant's position cannot be substantially justified." *Ralston*, at *3 (citing *Reese v. Sullivan*, 925 F.2d 1395, 1397 (11th Cir. 1991); *Washington v. Heckler*, 756 F.2d 959, 962 (3rd Cir. 1985). Plaintiff is entitled to attorney fees under the EAJA.

*2. Reasonableness of Fees*

Plaintiff is represented by Robison Law Office, P.C., a law firm in Albion, Michigan. Plaintiff requests payment for 24 attorney hours at $150.00/hour, and 11.35 legal assistant hours at $60.00/hour. (Doc. # 23, p. 4). The Government does not contest the amount. "Under EAJA, the amount of attorney fees awarded

> Shall be based upon the prevailing market rate for the kind and quality of services furnished except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorney for the proceedings involved justifies a higher fee.

*Ralston*, at *4 (citing 28 U.S.C. § 2412(d)(2)(A)). Plaintiff bears the burden to prove reasonableness. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 240 (1983). A court should exclude excessive or inadequately documented time. *Id.* at 433.

**i. Attorney Rate**

"The appropriate market for calculating attorneys' fees is the market in which the court sits." *Ralston*, at *5 (citing *Zanon v. Astrue*, No. 08 15337, 2010 WL 1524143, *4 (E.D.Mich. Apr.15, 2010)). Plaintiff lives in the Eastern District

of Michigan, and her counsel is here.  The appropriate market for calculating attorney fees is the Detroit market.  *Id.*

Plaintiff says that attorney fees should be calculated beginning with the statutory cap, adjusting for an increase in the cost of living based on the Consumer Price Index (CPI-U).  According to the U.S. Department of Labor's CPI-U from the Detroit-Ann Arbor-Flint area, the consumer index as of March 21, 2011, the date when Plaintiff became a prevailing party, was 206.816.  The CPI-U was 151.3 in March 1996 when the $125.00/hour was established.  *Ralston*, at *5; *Zanon*, at *4 (E.D.Mich. Apr. 15, 2010).  Thus, multiplying $125.00/hour times the ratio of 206.816 divided by 151.3 equals a cost of living increase to $170.86/hour.  Plaintiff's counsel, Charles A. Robison, has been a practicing attorney since 1981 and has represented social security disability claimants since 1983.  Because his request for attorney fee of $150.00/hour is less than $170.00/hour, the Court finds his rate to be reasonable.  The Court also finds that Plaintiff's counsel spent a reasonable number of hours in his representation of Plaintiff.

**ii. Legal Assistant Rate**

A 2004 National Utilization and Compensation Survey Report states that legal assistants had a billing rate of $95/hour in the Great Lakes Region.  *Ralston*, at *7.  Sixth Circuit courts have awarded the same or higher rate per hour for paralegal work.  *Id.*, see *Tackett v. Astrue,* No. 09–cv–13803, 2011 U.S. Dist. LEXIS 81344, at *7 (E.D.Mich. July 26, 2011); *Forest Serv.Emps. for Envtl. Ethics v. United States Forest Serv.,* 2010 U.S. Dist. LEXIS 131862, at *13 (W.D.Ky. Dec. 14, 2010) ($100.00 per hour).

The Court finds both the rate of $60.00/hour and the number of hours requested to be reasonable.

In sum, the rate of $150.00/hour is to be applied to the requested 24 attorney hours for a total of $3,600, and the rate of $60.00/hour is be applied to the requested 11.35 legal assistant hours for a total of $681. The total award is $4,281.00.

*3. Fees Are Payable to Plaintiff*

Under EAJA, the court must award fees "to a prevailing party." 18 U.S.C. § 2412(d)(1)(A). The government may pay the EAJA fees directly to Plaintiff's attorney "after determining that there is no debt to offset and there is a valid assignment." *Ralston*, at *7 (citing *Astrue v. Ratliff*, 130 S. Ct. 2521, 2528-29 (2010)); *Bryant v. Comm'r. of Soc. Security,* 578 F.3d 443, 446-449 (6th Cir. 2009) (under EAJA, attorney fees are awarded to the prevailing party and not her counsel). Because Plaintiff does not say that there is a valid assignment, and Plaintiff's counsel did not submit verification from the treasury that there are no debts, the Court finds that the Government must award fees directly to Plaintiff. *Ralston*, at *7.

V. **CONCLUSION**

Plaintiff's application for attorney fees under EAJA is **GRANTED**. The Commissioner must pay $4,281.00 to Plaintiff.

**IT IS ORDERED.**

      /s/ Victoria A. Roberts
      Victoria A. Roberts
      United States District Judge

Date: 5/23/12

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on May 23, 2012May 23, 2012.

S/Linda Vertriest

Deputy Clerk

12